<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

<u>**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**</u>

| | | |
|---|---|---|
| CITY OF PORT ISABEL AND SIERRA CLUB | ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 23-1175 |
| FEDERAL ENERGY REGULATORY COMMISSION, | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

**PETITIONERS' NON-BINDING STATEMENT
OF ISSUES TO BE RAISED**

Pursuant to the Court's July 14, 2023 Order in this matter, Petitioners submit this non-binding Statement of Issues to be Raised.

Petitioners seek review of one FERC order:

1. Order on Remand, 183 FERC ¶ 61,047, FERC Docket Nos. CP16-116 (Apr. 21, 2023), FERC Accession No. 20230421-3057.

The issues raised by this challenge include, but are not limited to:

1. Whether, in responding to a remand order resulting from a court's finding that FERC's final environmental impact statement was deficient, FERC has to formally supplement its environmental impact statement to cure such

deficiencies. *Idaho Sporting Congress, Inc. v. Alexander*, 222 F.3d 562, 567 (9th Cir. 2000).

2. Whether FERC erred by issuing the challenged order without additional NEPA review to analyze new information and circumstances including FERC's new analysis of air pollution impacts. *People Against Nuclear Energy v. U.S. Nuclear Regulatory Comm'n*, 678 F.2d 222, 234 (D.C. Cir. 1982), *rev'd on other grounds sub nom. Metro. Edison Co. v. People Against Nuclear Energy*, 460 U.S. 766 (1983).

3. Whether FERC's analysis of the project's greenhouse gas emissions' impacts is arbitrary.

    a. FERC failed to address whether the use of the social cost of carbon to evaluate such emissions is generally accepted in the scientific community. 40 C.F.R. § 1502.21.

    b. FERC's criticisms of the social cost of carbon tool are unsupported. *Vecinos para el Bienestar de la Comunidad Costera v. FERC*, 6 F.4th 1321, 1329 (D.C. Cir. 2021).

    c. FERC's conclusion that it cannot evaluate the significance of the project's greenhouse gas emissions or incorporate such impacts in its public interest determinations is arbitrary. *Sierra Club v. FERC*, 867 F.3d 1357 (D.C. Cir. 2017) ("*Sabal Trail*").

  d. Alternatively, FERC's refusal to evaluate and determine the significance of the project's greenhouse gas emissions by applying its own interim guidance or to otherwise make an ad hoc significance determination is arbitrary.

4. Whether FERC's analysis of air pollution impacts to environmental justice communities is arbitrary.

  a. FERC failed to explain, or even acknowledge, substantial changes to the estimates of air pollution emissions.

  b. In discussing specific pollutants, FERC failed to provide adequate analysis. For PM2.5 pollution, FERC ignored data from an air monitor closer to the terminal site than the one used by FERC. The closer air monitor shows higher baseline PM2.5 values. For ozone, FERC failed to provide any analysis and, instead, merely cited the applicant's statement that an ozone analysis was performed. FERC also failed to explain whether the supposed updated ozone analysis cured acknowledged defects in the previous analysis.

  c. FERC improperly used significant impact levels to justify its determination that air pollution impacts to environmental justice communities are less than significant. FERC also failed to provide

       analysis sufficient to determine whether FERC included all emissions sources in its use of significant impact levels.

d. FERC improperly determined that impacts to environmental justice communities would be less than significant based on its conclusion that the National Ambient Air Quality Standards would not be exceeded. FERC must consider the possibility of significant or harmful impacts at air pollution levels below the National Ambient Air Quality Standards, especially as a result of cumulative exposure to multiple pollutants. *Calvert Cliffs' Coordinating Comm., Inc. v. U.S. Atomic Energy Comm'n*, 449 F.2d 1109, 1123 (D.C. Cir. 1971).

e. FERC based its determination that air pollution impacts to environmental justice communities would be less than significant on the basis of a mitigation plan that has not been developed and FERC has not demonstrated that mitigation would be possible. *O'Reilly v. U.S. Army Corps of Engineers*, 477 F.3d 225, 234 (5th Cir. 2007).

f. FERC failed to identify which environmental justice communities would actually experience impacts as a result of the project and address whether the communities that would actually be harmed disproportionately environmental justice communities.

Respectfully submitted on August 14, 2023.

***/s/ Thomas Gosselin***
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
tom.gosselin@sierraclub.org

*Attorney for Sierra Club*


***/s/ Gilberto Hinojosa***
Gilberto Hinojosa
531 E. St. Francis St.
Brownsville, TX 78520
956-544-4218
ghinojosa@ghinojosalaw.net

*Attorney for City of Port Isabel*

## CERTIFICATE OF SERVICE

I, Thomas Gosselin, hereby certify under the penalty of perjury that on August 14, 2023, I filed the original of 1) The Agency Docketing Statement, 2) The Certificate as to Parties, Rulings, and Contested Cases, 3) Petitioner's Non-Binding Statement of Issues to be Raised, 4) The Decisions from which Appeal Arises, and 5) The Statement of Intent to Utilize Deferred Joint Appendix, via the Court's CM/ECF system, thereby causing an electronic copy to be served on all parties registered to receive notices in this case via electronic noticing.

August 14, 2023.                                              **/s/ Thomas Gosselin**
                                                              Thomas Gosselin