UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| City of Port Isabel, *et al.*, | ) | |
|     Petitioners, | ) | |
| | ) | |
| v. | ) | Nos. 23-1174 and 23-1175 |
| | ) | (not consolidated) |
| Federal Energy Regulatory | ) | |
|   Commission, | ) | |
|     Respondent. | ) | |

**REPLY IN SUPPORT OF RESPONDENT'S
MOTION TO EXTEND THE DATE FOR FILING
THE CERTIFIED INDEX TO THE RECORD**

The Court should grant the Commission's request for a modest, 60-day extension to file the certified index to the record so that the Commission may meaningfully respond to the pending rehearing applications in substantive responsive orders. Such relief would "afford the Commission an opportunity to bring its knowledge and expertise to bear on an issue before it is presented to a generalist court." *Nw. Pipeline Corp. v. FERC*, 863 F.2d 73, 77-78 (D.C. Cir. 1988). And, as explained in *Allegheny Defense Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc), extending the record-filing deadline is consistent with Congress' statutory design. *See id.* at 17.

Even so, in the interest of comity, the Commission commits that, if

1

the Commission ultimately rejects Petitioners' rehearing arguments, and does so before October 27, 2023, then the Commission will file the agency record with the Court seven days from such order, assuming that no party were to seek further rehearing in the interim.

## I. A short extension of the record-filing deadline will allow FERC to complete its decisionmaking, and is consistent with the Natural Gas Act and *Allegheny Defense*

1. Petitioners assert that extending the index filing date would "resurrect" the practice "found impermissible in *Allegheny Defense*." Opp. at 4. Not so. *Allegheny Defense* addressed the Commission's practice of issuing tolling orders which purported to grant agency rehearing for the limited purpose of allowing the Commission more time to issue a substantive order on rehearing. 964 F.3d at 6-7. Such orders purportedly precluded rehearing requests from being "deemed denied" by operation of law after 30 days, and thus prevented parties from seeking judicial review until FERC issued a substantive rehearing order on its preferred timeline. *See id*. at 7.

*Allegheny Defense* rejected that practice. *See id*. at 13. As a result, FERC no longer seeks to avoid the "jurisdictional consequences" of a deemed denial – i.e., a party's right to seek judicial review on Day

31 – and the Commission acknowledges that responding to rehearing requests after Day 30 comes with "judicial superintendence." *See id.* at 17. That is precisely why the Commission is seeking the Court's leave for an extension of the record-filing deadline here, rather than claiming a jurisdictional entitlement to such relief.

Contrary to Petitioners' claim, *Allegheny Defense* did not "already reject[]" the relief the Commission seeks here (a modified record-filing date). Opp. at 5. In fact, the Court observed that the Natural Gas Act "specifically gives the Commission more time to decide" after the 30-day deemed denied period by authorizing the Commission to modify or set aside its orders "at any time" before the record is filed with the court of appeals. *Allegheny Defense*, 964 F.3d at 16-17 (discussing 15 U.S.C. § 717r(a)). *Allegheny Defense* further explained that a court may "extend th[e] time" to file the record (set forth in Federal Rule of Appellate Procedure 17) in order to afford FERC "more time[] to act on a rehearing application." *Id.* at 17.

2. Similarly, Petitioners repeatedly claim that the Commission is "seek[ing] to delay access to the courthouse door." Opp. at 5; *see also id.* at 4, 6. But the petitions for review have been filed; the courthouse

doors have been opened. As a result, "the Commission's additional time for action comes with judicial superintendence" as contemplated by *Allegheny Defense*. 964 F.3d at 17.

3. Petitioners also point to instances where the Commission did not receive its sought-after abeyance period and was nonetheless able to issue a substantive rehearing order before the revised record-filing deadline. *See* Opp. at 1-2. All that proves is that the Commission works diligently to issue rehearing orders as soon as practicable. Rather that enabling agency delay, granting the Commission a reasonable period to assess and respond to objections raised on rehearing vindicates the purposes of the rehearing requirement itself – namely, to afford FERC an opportunity to correct its errors and to potentially obviate the need for judicial review or at least narrow the issues on appeal. *See* Motion at 3-4.

Petitioners' cases illustrate the point. In *American Clean Power Assn. v. FERC*, D.C. Cir. Case No. 22-1301 (cited in Opp. at 1), the Commission issued a rehearing order that reversed course and rejected a previously accepted tariff filing. Before that rehearing order issued, Sierra Club had petitioned for judicial review of the Commission's

4

initial order, opposed a motion for abeyance, and moved to compel the filing of the record. *See* ECF Docs. #1980129, #1982309. The Court and the parties were thus forced to expend resources processing the petition and engaging in extensive motions practice regarding an appeal that Sierra Club voluntarily dismissed following the Commission's rehearing order. *See* ECF Doc. #1993626. *See also Gulf States Transmission v. FERC*, D.C. Cir. Case No. 21-1241 (cited in Opp. at 4 n.3) (rehearing order grants petitioner relief and leads to dismissal of petition). And even in those cases where the Commission does not alter its bottom-line position, a rehearing order would still provide the Court with "the benefit of the agency's expert view of why it thought the petitioner's arguments failed." *Save Our Sebasticook v. FERC*, 431 F.3d 379, 382 (D.C. Cir. 2005).

## II. A modest extension of the record-filing deadline is warranted

Petitioners' remaining arguments fail to tip the equities against granting FERC's requested extension.

1. First, Petitioners suggest that the requested time is not really needed. *See* Opp. at 3. But, as Petitioners are aware, their requests for rehearing collectively raise more than 25 issues. And those requests

5

even ask the Commission to consider and analyze an event occurring after issuance of the orders on review. *See* Request for Rehearing, filed May 22, 2023, in FERC Dkt. CP16-454 at 3-7; Request for Rehearing, filed May 22, 2023, in FERC Dkt. CP16-116 at 3-7.[1]

2. Petitioners also state that they would be harmed by an extension of the index filing deadline. Opp. at 4. But they offer nothing to substantiate that claim. With respect to the Rio Grande LNG terminal, site preparation work, previously authorized in 2020, has begun.[2] No notices to proceed with construction have been issued for the Rio Bravo pipeline or the Texas LNG terminal, and the Commission does not anticipate doing so before rehearing orders are issued in the underlying proceedings.

---

[1] Commission materials are available by entering the relevant FERC docket number in the agency's E-Library system: https://elibrary.ferc.gov/eLibrary/search.

[2] Authorizations for LNG export terminals under section 3 of the Natural Gas Act do not include the power of eminent domain. *See* 15 U.S.C. § 717b; *see also City of Oberlin v. FERC*, 39 F.4th 719, 723 (D.C. Cir. 2002) ("Section 3, unlike Section 7, does not authorize the use of eminent domain to construct approved facilities.").

## CONCLUSION

The Commission respectfully requests that the index filing date of October 27, 2023, with the possibility that the Commission will file earlier as set forth above.

Respectfully submitted,

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C. 20426
Tel.: (202) 502-8904
Fax: (202) 273-0901
Email: Robert.Kennedy@ferc.gov

August 22, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 1,139 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this filing has been prepared in Century Schoolbook 14-point font using Microsoft Word 2010.

/s/ Robert M. Kennedy
Robert M. Kennedy
Senior Attorney

Federal Energy Regulatory
   Commission
Washington, D.C. 20426
Tel.: (202) 502-8904
Fax: (202) 273-0901
Email: robert.kennedy@ferc.gov

August 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify that, on August 22, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert M. Kennedy*
Robert M. Kennedy
Senior Attorney
