FEDERAL ENERGY REGULATORY COMMISSION
WASHINGTON, D.C. 20426

ORAL ARGUMENT HELD MAY 17, 2024

August 2, 2024

*Via ECF*

Mark J. Langer
Clerk of the Court
United States Court of Appeals
   for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

**Re:** *City of Port Isabel, et al. v. FERC*, Nos. 23-1175, *et al.*
Response to Petitioners' July 31, 2024 Rule 28(j) Letter

Dear Mr. Langer:

The Court directed the Commission to explain on remand whether 40 C.F.R. § 1502.21(c) required use of the social cost of carbon tool, or some other scientific methodology, to assess whether the Project's emissions were significant. The Commission did so (Br. 42-51), and this Court has repeatedly held that the tool is "inadequately accurate" to warrant inclusion in a NEPA analysis. *See, e.*g., *Ala. Mun. Distrib. Grp. v. FERC*, 100 F.4th 207, 215 (D.C. Cir. 2024). Nothing in *New Jersey Conservation Foundation v. FERC* or Petitioners' July 31 letter calls that into question.

*New Jersey* found that FERC's orders and brief did not dispute that it was legally obligated to label emissions as "significant" or "insignificant." Slip Op. 15. That is not the case here. *See* Resp't 7/22/2024 Ltr. 1.

*New Jersey* then found that the Commission failed to explain why it could not replicate the standardless significance determination made in *Northern Natural Gas*, 174 FERC ¶ 61,189 (2021). Slip Op. 12-14. Petitioners concede they failed to raise *Northern Natural* on rehearing, so the Court lacks jurisdiction to consider it. *See Entergy Arkansas, LLC v. FERC*, 2024 WL 3546765, at *5 (D.C. Cir. July 26, 2024) (no "jurisdiction" to consider argument not raised with "specificity").

Petitioners suggest that the Natural Gas Act's exhaustion requirement is not jurisdictional. Pet'rs 7/31/24 Ltr. 2. But the statute states that objections not specifically raised "shall [not] be considered by the court." 15 U.S.C. § 717r(b). Congress thus "clearly" imbued the exhaustion requirement with jurisdictional consequences. *See Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 204-05 (2022).

On agency rehearing, Petitioners called for an ad hoc determination "us[ing] the same principles articulated" in the Commission's draft greenhouse gas policy statement. JA544. The Commission explained that ad hoc determinations were "outside the scope of the Court's remand," which related to scientific methodologies under section 1502.21(c). JA159; *see also* Resp't. Br. 47-49. And the Court has repeatedly upheld the Commission's decision not to rely upon its since withdrawn policy statement. *See, e.g.*, *Food & Water Watch v. FERC*, 104 F.4th 336, 347 (D.C. Cir. 2024).

        Respectfully submitted,

        */s/ Robert M. Kennedy*
        Tel.: (202) 502-8904
        robert.kennedy@ferc.gov

        *Counsel for Respondent*
        *Federal Energy Regulatory Commission*

cc: service list

## CERTIFICATE OF SERVICE

I hereby certify that, on August 2, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered users by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*/s/ Robert M. Kennedy*</u>
Robert M. Kennedy
Senior Attorney