Nos. 23-1174 (L), 23-1221, 23-1175 (L), 23-1222

# In the United States Court of Appeals for the District of Columbia Circuit

CITY OF PORT ISABEL, ET AL.,
*Petitioners*,

v.

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent,*

RIO BRAVO PIPELINE COMPANY, LLC; RIO GRANDE LNG, LLC; TEXAS LNG BROWNSVILLE LLC,
*Intervenors for Respondent.*

On Petitions for Review of Orders of the
Federal Energy Regulatory Commission

**MOTION OF THE GOVERNOR OF TEXAS FOR INVITATION OR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF INTERVENORS' PETITIONS FOR REHEARING OR REHEARING EN BANC**

GREG ABBOTT
Governor of Texas

Office of the Governor
P.O. Box 12428
Austin, Texas 78711
[Tel.] (512) 936-3306
[Fax] (512) 463-1932

JAMES P. SULLIVAN
General Counsel
james.sullivan@gov.texas.gov

TREVOR W. EZELL
Deputy General Counsel

*Counsel for Amicus Curiae*

## MOTION

On October 23, 2024, the Court called for responses to the petitions for rehearing or rehearing en banc that have been filed by the intervenors, Rio Grande LNG, LLC and Texas LNG Brownsville, LLC. The petitioners who challenged the underlying FERC orders have not consented to the filing of any amicus briefs in this case. Governor Greg Abbott respectfully requests the Court's leave or invitation to file a short amicus brief in support of rehearing or rehearing en banc. *See* FED. R. APP. P. 29(b)(2); D.C. CIR. R. 35(f).

As suggested by the Court's *sua sponte* call for responses, the panel opinion departs from D.C. Circuit precedent on a question of exceptional importance. *See* FED. R. APP. P. 35(a)(1)–(2). For decades, this Court's remand-without-vacatur analysis in agency cases has "depend[ed] on the seriousness of the order's deficiencies . . . and the disruptive consequences of an interim change that may itself be changed." *Allied-Signal, Inc. v. NRC*, 988 F.2d 146, 150–51 (D.C. Cir. 1993). In the amicus brief accompanying this motion, Governor Abbott seeks to improve the Court's remedial calculus by explaining why yet another notice-and-comment round—on top of what already took place

1

before TCEQ and FERC—is not worth the massive economic disruption that vacatur would cause to Texas's economy in general and to the Rio Grande Valley in particular.

        Respectfully submitted.

        GREG ABBOTT
        Governor of Texas

        /s/ James P. Sullivan
        JAMES P. SULLIVAN
        General Counsel
        james.sullivan@gov.texas.gov

        TREVOR W. EZELL
        Deputy General Counsel

        Office of the Governor
        P.O. Box 12428
        Austin, Texas  78711
        [Tel.] (512) 936-3306
        [Fax] (512) 463-1932

        *Counsel for Amicus Curiae*