Feb. 3, 2025

**Via ECF**

Clifton Cislak
Clerk of the Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Ave., N.W.
Washington, DC 20001

Re:   *City of Port Isabel, et al. v. FERC*, Nos. 23-1174(L)
      Oral Argument Held May 17, 2024
      Response to FERC's Supplemental Authority

Dear Mr. Langer:

Pursuant to F.R.A.P. 28(j), Petitioners respond to intervenor Texas LNG's January 24, 2025 letter.

First, withdrawing the 1977 executive order instructing the Council on Environmental Quality ("CEQ") to issue NEPA regulations does not support rehearing, for same reason *Marin Audubon v. FAA* does not. *See* Response to Pet. for Reh'g (Dec. 9, 2024) at 2. FERC's adoption of the CEQ regs was explicitly "voluntar[y]". 52 Fed. Reg. 47,897, 47,898. No party has argued that FERC lacked authority to do so. Changing *FERC's* NEPA regulations would require notice and comment rulemaking that has not even been proposed. Alternatively, the NEPA obligations at issue—to take a hard look and to supplement—arise from the statute itself, *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 371 (1989), and therefore apply even if the regulations are inapplicable.

Second, withdrawal of executive orders on environmental justice is irrelevant to the panel's merits holding. As to remedy, on remand, if FERC argues that it need not or cannot consider environmental justice, Petitioners Port Isabel *et al.* anticipate arguing that NEPA's "hard look"

obligation requires some consideration of environmental justice. This issue has not been briefed to FERC or this Court. For purposes of the first *Allied-Signal* prong, the Court cannot assume that arguments the public has not yet had an opportunity to raise will not be persuasive, as the panel recognized with other air and environmental justice issues. Op. 19.

Third, while Texas LNG argues that the January 20, 2025 Executive Order restricts FERC to applying "legislated requirements," the Natural Gas Act itself requires consideration of environmental impacts. *NAACP v. Fed. Power Comm'n*, 425 U.S. 662, 670 n.6 (1976); *Myersville Citizens for a Rural Cmty., Inc. v. FERC*, 783 F.3d 1301, 1307 (D.C. Cir. 2015). In many cases—including here—environmental impacts cannot be understood without discussing the exposed population. It may be that, on remand, FERC can meet its NEPA and Natural Gas Act obligations without following every recommendation of the guidance FERC explicitly adopted here. But that does not mean that FERC will be able to ignore environmental justice entirely.

Respectfully submitted,

*/s/ Nathan Matthews*
Nathan Matthews
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org
*Counsel for Petitioners Sierra Club and Vecinos para el Bienestar de la Comunidad Costera*

*/s/ Gilberto Hinojosa*
Gilberto Hinojosa
531 E. St. Francis St.
Brownsville, Texas 78520

(956) 554-4218
ghinojosa@ghinojosalaw.net
*Attorney for City of Port Isabel*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure, I certify that the foregoing letter complies with:

1.  the word limitations of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules, setting a limit of 350 words for Supplemental Authority Letters, because this letter contains 348 words; and

2.  the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point) using Microsoft Word (the same program used to calculate the word count).

> */s/ Nathan Matthews*
> Nathan Matthews
> 2101 Webster St., Suite 1300
> Oakland, CA 94612
> 415-977-5695
> nathan.matthews@sierraclub.org
> *Counsel for Petitioners Sierra Club and Vecinos para el Bienestar de la Comunidad Costera*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 3, 2025, a copy of the foregoing

was filed electronically. Notice of this filing will be sent to all parties via

the Court's electronic filing system.

<u>*/s/ Nathan Matthews*</u>
Nathan Matthews
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org
*Counsel for Petitioners Sierra
Club and Vecinos para el
Bienestar de la Comunidad
Costera*
